IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

3D SYSTEMS, INC.

        Plaintiff,

v.

FORMLABS, INC.

        Defendant.

CIVIL ACTION NO.: 13-cv-07973-RWS

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6)**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

STATEMENT OF FACTS ............................................................................................................. 2

ARGUMENT .................................................................................................................................. 3

    I.    LEGAL STANDARD FOR MOTIONS TO DISMISS ....................................................... 3

    II.   PLAINTIFF'S COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO
        SUPPORT ALLEGATIONS OF INDIRECT OR WILLFUL INFRINGEMENT ............ 4

        A. The Court Should Dismiss 3D Systems' Induced Infringement Claim ........................ 4

            1.   The Complaint Does Not Plead Facts Sufficient to Allege Formlabs Had
                Knowledge That, or Intended That, its Acts Constitute Infringement ................. 5

            2.   The Complaint Does Not Plead Facts Sufficient to Allege Formlabs Had
                Knowledge of the Patents-in-Suit ........................................................................... 6

            3.   The Complaint Does Not Plead Facts Sufficient to Allege Formlabs Had
                Knowledge of the Patents-in-Suit Through Willful Blindness ............................. 8

        B. The Court Should Dismiss 3D Systems' Contributory Infringement Claim ................ 9

        C. The Court Should Dismiss 3D Systems' Willful Infringement Claim ...................... 10

CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

**CASES**

*Apeldyn Corp. v. AU Optronics Corp.*,
   831 F. Supp. 2d 817 (D. Del. 2011) ................................................................................... 8

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964) .............................................................................................................. 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... passim

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... passim

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, CV 12-1111-GMS,
   2013 WL 6058472 (D. Del. Nov. 18, 2013) ....................................................................... 4

*Clouding IP, LLC v. Amazon.com, Inc.*, CA 12-641-LPS,
   2013 WL 2293452 (D. Del. May 24, 2013) .................................................................... 4, 6

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) .................................................................................. 4, 5, 6

*Gevo, Inc. v. Butamax Advanced Biofuels LLC*, CV 12-1724-SLR,
   2013 WL 3381258 (D. Del. July 8, 2013) ...................................................................... 4, 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S.Ct. 2060 (2011) ................................................................................................. passim

*i4i Ltd. P'ship v. Microsoft Corp.*,
   598 F.3d 831 (Fed. Cir. 2010) ........................................................................................ 9, 10

*In re Bill of Lading*,
   681 F.3d 1323 (Fed. Cir. 2012) .................................................................................. passim

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ........................................................................... 1, 3, 10, 11

*Lyda v. Fremantle Media N. Am., Inc.*, No. 10 CIV. 4773 DAB,
   2012 WL 957498 (S.D.N.Y. Mar. 8, 2012) ........................................................................ 4

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) ................................................................................... 7

# TABLE OF AUTHORITIES
## (continued)

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012) .......................................................................... 4, 6, 7, 8

*Nazomi Commc'ns, Inc. v. Nokia Corp.*, 10-CV-4686,
  2011 WL 2837401 (N.D. Cal. July 14, 2011) .................................................................. 4, 6

*Radware, Ltd. v. A10 Networks, Inc.*, C-13-02021-RMW,
  2013 WL 5373305 (N.D. Cal. Sept. 24, 2013) ............................................................... 4, 8, 9

*Realtime Data, LLC v. Stanley*,
  721 F. Supp. 2d 538 (E.D. Tex. 2010) ................................................................................. 5

*Smartwater, Ltd. v. Applied DNA Sciences, Inc.*, 12-CV-5731 JS AKT,
  2013 WL 5440599 (E.D.N.Y. Sept. 27, 2013) .................................................................. 8, 9

*SoftView LLC v. Apple Inc.*, CIV. 10-389-LPS,
  2012 WL 3061027 (D. Del. July 26, 2012) .................................................................. 4, 7, 10

*Stephenson v. Game Show Network, LLC*,
  933 F. Supp. 2d 674 (D. Del. 2013) .................................................................................. 4, 6

*Vasudevan Software, Inc. v. TIBCO Software Inc.*, C 11-06638 RS,
  2012 WL 1831543 (N.D. Cal. May 18, 2012) ................................................................... 4, 7

*Xpoint Tech., Inc. v. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010) ....................................................................................... 7

**STATUTES**

35 U.S.C. §§ 271(b), (c) ................................................................................................................ 4

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1
Fed. R. Civ. P. 8(a)(2) ................................................................................................................... 3
Fed. R. Evid. 408 .......................................................................................................................... 7

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Formlabs, Inc. ("Formlabs") respectfully moves the Court to dismiss the indirect and willful infringement claims of Plaintiff 3D Systems, Inc. ("3D Systems") for failure to state a claim upon which relief can be granted.

## INTRODUCTION

The parties' dispute began more than a year ago in South Carolina where, without any basis or adequately pled allegations, 3D Systems sued Formlabs for allegedly infringing one patent. Now, a year later, 3D Systems has abandoned its suit in South Carolina—and its claims that Formlabs infringed that original patent—and brings a new Complaint, alleging infringement of eight different patents. Among its allegations, 3D Systems alleges that Formlabs has "induced the infringement" and "contributorily infringed" eight patents, and that the infringement was "willful and deliberate." (D.I. 1 at ¶¶ 23-25, 35). 3D Systems, however, has failed to adequately plead facts supporting its allegations of indirect and willful infringement, including facts from which it could be reasonably inferred that Formlabs intended to encourage direct infringement by others, had knowledge that its allegedly contributing or inducing acts would cause infringement, that the accused product does not have substantial non-infringing uses, or that Formlabs had knowledge of the patents-in-suit or was willfully blind to their existence. The basic requirements for pleading indirect and willful infringement are well established, as are the consequences for failing to meet those pleading requirements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Because 3D Systems has failed to meet the basic pleading requirements for indirect and willful infringement, this Court should follow the precedent of numerous other courts and dismiss 3D Systems' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, infra,* n.2.

**STATEMENT OF FACTS**

On November 20, 2012, 3D Systems sued Formlabs and Kickstarter, Inc. in the District of South Carolina alleging both infringed one 3D Systems' patent.[1] Because Formlabs had no connections to South Carolina, and because 3D Systems' complaint failed to adequately plead facts to support its infringement allegations, Formlabs moved to dismiss that complaint. Prior to the district court reaching the merits of the motion, 3D Systems amended its complaint and later voluntarily dismissed its case in order to file the present Complaint in this Court.

The present Complaint alleges not only that Formlabs directly infringes the eight patents-in-suit by making, using, offering to sell, and selling the Form 1 3D printer (D.I. 1 at ¶ 23), but also that Formlabs induces "customers and other users" to infringe "through videos and other instructional materials." (D.I. 1 at ¶ 24). The Complaint further alleges that Formlabs has contributorily infringed the patents-in-suit (D.I. 1 at ¶ 25), and that Formlabs' infringement has been willful (D.I. 1 at ¶ 35). To support these allegations, the Complaint recites the legal elements of indirect and willful infringement (D.I. 1 at ¶¶ 24-25, 35), followed by several paragraphs that purport to establish Formlabs' knowledge of the patents-in-suit (D.I. 1 at ¶¶ 26, 28-34). Read in a light most favorable to 3D Systems, however, these "notice" paragraphs assert no more than the following:

- 3D Systems previously sued Formlabs on a different patent, not asserted in this litigation, and Formlabs gained specific knowledge of the patents-in-suit "for the period going forward from the receipt by Formlabs of the present complaint." (D.I. 1 at ¶ 26);

- A financial analyst from JP Morgan predicted that Formlabs' technology could present a "threat" to 3D Systems' business in the future (D.I. 1 at ¶ 29);

- 3D Systems has patents covering "different aspects" of stereolithography technology (D.I. 1 at ¶ 30);

- A third party remarked that the Form 1 3D printer "avoid[ed]" some unknown patents held by an unknown entity (D.I. 1 at ¶ 31);

---

[1] Despite devoting several paragraphs of its complaint to describing Kickstarter Inc. and its relationship with Formlabs, 3D Systems no longer accuses Kickstarter of infringing any 3D Systems patent.

- A third party believed that 3D Systems owned patents "in this area" (D.I. 1 at ¶ 32);

- A Formlabs founder and employee told the press that "the expiration of a few patents" reduced the cost of the Form 1 3D printer (D.I. 1 at ¶¶ 33, 34).

But as discussed below, these "notice" allegations fail to meet the basic pleading requirements for indirect and willful infringement, and the allegations of indirect and willful infringement should be dismissed. *See Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662; *see also Global-Tech*, 131 S. Ct. at 2068; *Seagate*, 497 F.3d at 1374.

## ARGUMENT

### I. LEGAL STANDARD FOR MOTIONS TO DISMISS.

Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). Courts should evaluate the sufficiency of allegations in a complaint at the outset of the litigation because "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (quotations omitted).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In reviewing a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff . . . ." *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). However, the court is not required to accept as true unwarranted factual inferences. *Id.; Iqbal,* 556 U.S. at 678.

In order to survive a motion to dismiss, a plaintiff must plead "enough factual matter that, when taken as true, states a claim to relief that is plausible on its face." *Bill of Lading*, 681 F.3d at 1331 (quotations omitted). This requirement of plausibility is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual content must "permit the

court to infer more than the mere possibility of misconduct." *Id.* at 679. "A complaint that merely pleads facts that are consistent with a defendant's liability 'stops short of the line between possibility and plausibility . . . .'" *Bill of Lading*, 681 F.3d at 1332 (quoting *Twombly*, 550 U.S. at 546). District courts have consistently dismissed allegations of indirect and willful infringement that fail to satisfy this standard.[2]

## II. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT ALLEGATIONS OF INDIRECT OR WILLFUL INFRINGEMENT

The patent statute provides that one who "actively induces" or "contributes" to infringement "shall be liable" as an infringer. 35 U.S.C. § 271(b), (c). In order to sufficiently plead inducement, a plaintiff must show sufficient facts that "the alleged infringer . . . possessed specific intent to encourage another's infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). Further, in order to sufficiently plead inducement or contributory infringement, a plaintiff must show that "the accused infringer has knowledge of the relevant patents and knowledge that its acts contribute to or encourage the infringement of those patents." *Radware, Ltd. v. A10 Networks, Inc.*, C-13-02021-RMW, 2013 WL 5373305, at *2 (N.D. Cal. Sept. 24, 2013) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) and *Global-Tech*, 131 S. Ct. at 2068).

### A. The Court Should Dismiss 3D Systems' Induced Infringement Claim

Plaintiff's conclusory allegations that Formlabs has induced and is inducing infringement of the patents-in-suit are nothing more than a generic assertion that one or more "customers or

---

[2] *See, e.g., Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 681 (D. Del. 2013) (dismissing indirect infringement allegation); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232-238 (D. Del. 2012) (same); *Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, CV 12-1111-GMS, 2013 WL 6058472, at *1 (D. Del. Nov. 18, 2013) (same); *Radware, Ltd. v. A10 Networks, Inc.*, C-13-02021-RMW, 2013 WL 5373305, at *7 (N.D. Cal. Sept. 24, 2013) (same); *Gevo, Inc. v. Butamax Advanced Biofuels LLC*, CV 12-1724-SLR, 2013 WL 3381258, at *4-*6 (D. Del. July 8, 2013) (same); *Clouding IP, LLC v. Amazon.com, Inc.*, CA 12-641-LPS, 2013 WL 2293452, at *5 (D. Del. May 24, 2013) (same); *SoftView LLC v. Apple Inc.*, CIV. 10-389-LPS, 2012 WL 3061027, at *6, *8 (D. Del. July 26, 2012) (same); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, C 11-06638 RS, 2012 WL 1831543, at *6 (N.D. Cal. May 18, 2012) (same); *Lyda v. Fremantle Media N. Am., Inc.*, No. 10 CIV. 4773 DAB, 2012 WL 957498, at *2-*3 (S.D.N.Y. Mar. 8, 2012) (same); *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 10-CV-4686, 2011 WL 2837401, at *3 (N.D. Cal. July 14, 2011) (same).

other users" have allegedly infringed the patents-in-suit in one or more *unspecified* ways based on *unidentified* "videos or other instructional materials." (D.I. 1 at ¶ 24). These bare assertions do not meet the pleading requirements of Rule 8 in several key respects.

### 1. The Complaint Does Not Plead Facts Sufficient to Allege Formlabs Had Knowledge That, or Intended That, its Acts Constitute Infringement

*First*, a claim of induced infringement requires an allegation (and plausible factual support) that the accused infringer had "knowledge that the induced acts constitute patent infringement," *Global-Tech*, 131 S. Ct. at 2068, and "possessed specific intent to encourage another's infringement," *DSU Med.*, 471 F.3d at 1306. The Complaint fails to allege (much less support with facts) these critical elements of induced infringement.

The Complaint alleges that Formlabs induces infringement by "customers and other users" through "videos and other instructional materials." (D.I. 1 at ¶ 24). This vague allegation does not identify what Formlabs' customers and unknown "other users" are doing that purportedly infringes the patents-in-suit, and it certainly does not provide a factual foundation from which an inference can be drawn that Formlabs knew these individuals were using the accused product in an infringing manner. The bare bones allegation improperly forces Formlabs to speculate about how 3D Systems contends that Formlab's customers might purportedly infringe the patents-in-suit and how Formlabs might purportedly be actively encouraging that activity. A complaint that forces a defendant to speculate as to how it must defend itself is improper under Rule 8. *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) (dismissing inducement allegations because the complaint's "generalities . . . fails to inform Defendants as to how they must defend against charges of indirect infringement").

More fundamentally, the allegation clearly does not establish that Formlabs *intended* for its customers or other users to infringe the patents-in-suit. With no factual allegations concerning what specific customer actions constitute infringement or how Formlabs is encouraging such specific actions, there simply cannot be a plausible inference that Formlabs *intended for its customers to infringe* the patents-in-suit. The Complaint's only allegation

concerning Formlabs' intent to induce infringement is the boilerplate assertion that Formlabs "had a specific intent to cause infringement of the patents-in-suit." (D.I. 1 at ¶ 26). Further, the allegations, (*id.* at ¶¶ 31, 33-34), do not plead "culpable conduct, directed to encouraging another's infringement" because they do not allow an inference that any activities were known to infringe. *See DSU Med. Corp.*, 471 F.3d at 1306. The Supreme Court and other district courts are clear that such a boilerplate recitation of the elements of induced infringement is insufficient under Rule 8.[3] Indeed, in sharp contrast to inducement allegations that have been deemed sufficient, the Complaint fails to identify any infringing features of the accused product or describe, in any manner, how the alleged "videos and other instructional materials" demonstrate a specific intent by Formlabs to induce infringement by others. *Compare Bill of Lading*, 681 F.3d at 1345 (denying motion to dismiss inducement allegations where plaintiff alleged specific statements by defendant touting benefits in its products which infringed the patents-in-suit).

### 2. The Complaint Does Not Plead Facts Sufficient to Allege Formlabs Had Knowledge of the Patents-in-Suit

*Second*, a claim of induced infringement requires an allegation (and accompanying factual support) that the accused infringer had "knowledge of the existence of the patent that is infringed." *Global-Tech*, 131 S. Ct. at 2068. The Complaint cites three different times that Formlabs allegedly gained knowledge of the patents-in-suit: (a) in November 2012 when 3D Systems sued Formlabs on a patent different from those currently asserted, (b) during the pendency of that action, or (c) upon receipt of the present Complaint. (D.I. 1 at ¶ 26). The first two events cannot create a reasonable inference that Formlabs had knowledge of the patents-in-suit because the patents-in-suit were not asserted in the South Carolina action. *See Vasudevan Software, Inc. v. TIBCO Software Inc.*, C 11-06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May

---

[3] See *Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662; *Global-Tech*, 131 S. Ct. at 2068; *Stephenson*, 933 F. Supp. 2d at 681 ("This is insufficient to meet the Rule 8 standard, as it does not provide notice of the induced acts which allegedly constitute patent infringement."); *Clouding IP*, 2013 WL 2293452, at * 3 ("Because Clouding has failed to plead facts from which the Court can infer intent, the induced infringement claims against each moving Defendant will be dismissed."); *MONEC*, 897 F. Supp. 2d at 234 (holding that "marketing activities" do not "demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement"); *Nazomi Commc'ns*, 2011 WL 2837401, at *3 ("[Plaintiff] must articulate more fully the factual bases of the inducement claim.").

18, 2012) ("The requisite knowledge of the patent allegedly infringed simply *cannot be inferred* from mere knowledge of *other* patents, even if somewhat similar.").[4]

The Complaint in this case is also insufficient to demonstrate pre-suit knowledge of the patents-in-suit for purposes of pleading indirect infringement. *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) ("[K]nowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009) ("the requisite knowledge [for indirect infringement]" cannot be established "by the filing of the Plaintiffs' Complaint.").

Similarly, the "notice" paragraphs recited in the Complaint also fail to establish Formlabs' knowledge of the patents-in-suit. (D.I. 1 at ¶¶ 26-34). For example, one paragraph cites an online review that states that the Form 1 "[u]tiliz[es] Stereolithography (yet avoiding the patents, apparently)" (D.I. 1 at ¶ 31). Contrary to 3D Systems' inference, however, the article *does not* mention 3D Systems, identify any specific patents, or state that the Form 1 printer is covered by any patents. In fact, the article states that the Form 1 is *not infringing* certain unspecified patents. Other paragraphs concerning comments about expired patents (D.I. 1 at ¶¶ 33-34) also *do not identify any specific patents* or even mention 3D Systems. And a paragraph concerning potential *future* competition between the companies (D.I. 1 at ¶ 29) makes no mention of patents or current competition. These generic "notice" paragraphs do not establish that Formlabs had knowledge of any of the patents-in-suit. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) (finding that "a defendant's participation in the same market, media publicity, and unrelated litigation by the defendant's competitors concerning the relevant patent" are insufficient to support an allegation of knowledge); *see also SoftView LLC v. Apple Inc.*, CIV. 10-389-LPS, 2012 WL 3061027, at *6 (D. Del. July 26, 2012) (concluding allegations of media publicity of infringement lawsuit do not plausibly allege pre-

---

4   To the extent that the parties engaged in confidential settlement discussions subject to Fed. R. Evid. 408 during the pendency of the South Carolina action, such discussions may not be relied upon as bases for alleging knowledge.

suit knowledge of the patent-in-suit); *Radware*, 2013 WL 5373305, at *3 (finding direct competition, even in a small field, is not enough to allege actual knowledge of the patent-in-suit and infringement thereof).

### 3. The Complaint Does Not Plead Facts Sufficient to Allege Formlabs Had Knowledge of the Patents-in-Suit Through Willful Blindness

*Third*, even under a "willful blindness" standard, the allegations in the Complaint are insufficient to establish Formlabs' knowledge of the patents-in-suit. (D.I. 1 at ¶¶ 29-32). "To state a claim for willful blindness, a plaintiff must plead facts demonstrating that the defendant '(1) subjectively believed there was a high probability a particular fact existed or was true, and (2) took deliberate actions to avoid learning of that fact.'" *MONEC*, 897 F. Supp. 2d at 230 (citations omitted); *see also Global-Tech*, 131 S. Ct. at 2072.

The Complaint identifies a purported "affirmative action[] taken by [Formlabs] to avoid gaining actual knowledge of the patent-in-suit," *MONEC*, 897 F. Supp. 2d at 230, but these bare allegations that Formlabs exercised "willful blindness" to the existence of the patents-in-suit (D.I. 1 at ¶¶ 27-28) are "*insufficient* to state a claim for relief based on the willful blindness theory under the pleading standards set forth in Rule 8, *Twombly*, and *Iqbal*." *MONEC*, 897 F. Supp. 2d at 230 (emphasis added). For example, the bare allegation that Formlabs searched for expired patents (D.I. 1 at ¶ 28), bereft of factual support, amounts to mere speculation which cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *Bill of Lading*, 681 F.3d at 1331-32; *Smartwater, Ltd. v. Applied DNA Sciences, Inc.*, 12-CV-5731 JS AKT, 2013 WL 5440599, at *7 (E.D.N.Y. Sept. 27, 2013). Further, the paragraphs (D.I. 1 at ¶¶ 29-32), at best, support only the inference that 3D Systems has patents covering stereolithography in general, and Formlabs was aware that patents covering stereolithography existed. Thus, 3D Systems appears to contend that any company that manufactures a 3D printer has actual knowledge of each and every patent among the hundreds owned by 3D Systems, or is willfully blind to their existence. (D.I. 1 at ¶ 27). But this is not the law. *Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817, 831 (D. Del. 2011) (failure to monitor competitors' patents is not willful blindness); *Smartwater*, 2013

WL 5440599, at *7 (denying motion to amend finding Defendant's knowledge of two of plaintiff's patents did not suggest awareness of or willful blindness to the patents-in-suit).

B. The Court Should Dismiss 3D Systems' Contributory Infringement Claim

In order to sufficiently plead contributory infringement, a plaintiff must show that "the accused infringer has knowledge of the relevant patents and knowledge that its acts contribute to or encourage the infringement of those patents." *Radware, Ltd.*, 2013 WL 5373305, at *2 (citing *Global-Tech*, 131 S. Ct. at 2068). Further, the plaintiff must allege and provide factual support for three elements: (1) that a third party directly infringed the patent-in-suit using a component supplied by defendant, (2) that the component the defendant supplied is a material part of the invention and has no substantial noninfringing uses, and (3) that the defendant knew the component was "especially made or especially adapted" for the infringing use. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010). Like its allegations concerning induced infringement, 3D Systems failed to allege facts to state a claim for contributory infringement.

*First*, for the reasons discussed above regarding induced infringement, the Complaint fails to plead facts sufficient to allege that Formlabs had knowledge of the patents-in-suit.

*Second*, the Complaint fails to plead a single fact sufficient to show that Formlabs knew that the accused Form 1 printer was "especially made or especially adapted" for an infringing use. Instead, 3D Systems makes the bare recitation of this element of the cause of action that the accused product is "especially made or especially adapted for use in infringement of the patents-in-suit." (D.I. 1 ¶ 25). But this type of "formulaic recitation of the elements of a cause of action will not do" and cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555; *Smartwater*, 2013 WL 5440599, at *11 ("Plaintiff merely identifies its patents and Defendant's 'Marking Products,' and then repeats the elements of a contributory infringement claim. ***This is insufficient***." (emphasis added)).

*Third*, the Complaint fails to plead a single fact sufficient to show that the accused Form 1 printer does not have a substantial noninfringing use. Again, 3D Systems makes only a bare recitation of the legal elements for contributory infringement (the Form 1 does "not consitut[e] a

9

staple article or commodity of commerce suitable for substantial noninfringing use" (D.I. 1 at ¶ 25)), without any factual support. This failure, again, necessitates dismissing the cause of action. *See Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components . . . have no substantial non-infringing uses.").

### C. The Court Should Dismiss 3D Systems' Willful Infringement Claim

A claim for willful infringement requires proof that the defendant: (1) was aware of the asserted patent, (2) acted despite an objectively high likelihood that its actions constituted infringement of the patent, and (3) knew or should have known of this objective risk. *See i4i*, 598 F.3d at 860. Moreover, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's ***pre-filing*** conduct." *Seagate*, 497 F.3d at 1374 (emphasis added). Thus, 3D Systems' allegation of willful infringement must be grounded *exclusively* in pre-filing conduct. *Id.* But, 3D Systems does not allege facts sufficient to satisfy the elements of pre-filing willful infringement.

As discussed above, 3D Systems failed to provide any factual support for its allegation that Formlabs knew of the patents-in-suit or its alleged infringement thereof before the filing of the Complaint. The only reasonable allegation of knowledge of the patents-in-suit—the receipt of this Complaint—cannot support a willfulness claim in the face of a motion to dismiss.[5] And the allegation that it was well known in industry that 3D Systems' patents covered the accused product relies on unsupported argumentative inferences. (D.I. 1 at ¶¶ 31, 33-34). These paragraphs, as discussed above, ***do not*** mention 3D Systems, identify any of the patents-in-suit, or state that the accused product is covered by the patents-in-suit. Consequently, these

---

[5] *Gevo*, 2013 WL 3381258, at *5 ("Consistent with the guidance from the Federal Circuit in *Seagate*, because the only circumstance identified by plaintiff to substantiate its willfulness claims with respect to the '089 patent or the 733 application is the original litigation itself, BP's motion to dismiss is granted as to those claims."); *SoftView LLC*, 2012 WL 3061027, at *8 (dismissing willful infringement claim in original complaint that failed to allege pre-suit knowledge of the patents-in-suit).

paragraphs fail to provide the requisite factual support for a claim of willful infringement. *Seagate*, 497 F.3d at 1371.

## CONCLUSION

For the reasons stated above, 3D Systems has failed to adequately state a claim for indirect or willful infringement, and Formlabs respectfully requests that the Court grant its motion and dismiss 3D Systems' claims against Formlabs for indirect and willful infringement of the patents-in-suit.


Dated: December 20, 2013                Respectfully Submitted,


                                        /s/ Gregory F. Corbett
                                        Michael A. Albert (*admitted pro hac vice*)
                                        malbert@wolfgreenfield.com
                                        Gregory F. Corbett (*admitted pro hac vice*)
                                        gcorbett@wolfgreenfield.com
                                        Nathan Speed
                                        nspeed@wolfgreenfield.com
                                        Joshua J. Miller
                                        jmiller@wolfgreenfield.com
                                        WOLF, GREENFIELD & SACKS, P.C.
                                        600 Atlantic Ave.
                                        Boston, MA 02210
                                        (617) 646-8000

## CERTIFICATE OF SERVICE

       I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).

                                            /s/ Gregory F. Corbett
                                            Gregory F. Corbett