UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

3D SYSTEMS, INC.,

                    Plaintiff,

     - against -

FORMLABS, INC.,

                    Defendant.

----------------------------------X

13 Civ. 7973

OPINION

A P P E A R A N C E S:

    Attorneys for the Plaintiff

    LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK, LLP
    600 South Ave West
    Westfield, NJ 07090
    By:  Charles P. Kennedy, Esq.


    Attorneys for the Defendant

    WOLF, GREENFIELD & SACKS, P.C.
    600 Atlantic Avenue
    Boston, MA 02210
    By:  Michael A. Albert, Esq.
        Gregory F. Corbett, Esq.
        Nathan Speed, Esq.
        Joshua J. Miller, Esq.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-12-14

**Sweet, D.J.**

Defendant Formlabs, Inc., ("Formlabs" or the "Defendant") has moved to dismiss the induced, contributory and willful patent infringement claims alleged by Plaintiff 3D Systems ("3D Systems," "3DS" or the "Plaintiff") in its Complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6).  Based on the conclusions set forth below, the motion is granted in part and denied in part.

## Prior Proceedings

The parties began their dispute with each other in South Carolina where 3D Systems sued Formlabs and Kickstarter, Inc. ("Kickstarter") for allegedly infringing one patent owned by 3D Systems (the "South Carolina Action").  (*See* Def. Br. at 2; Compl. ¶ 26.)  After its filing, Formlabs moved to dismiss the South Carolina Action, arguing that it had no connections to South Carolina and that the complaint failed to adequately plead facts to support its infringement allegations.  Prior to the district court reaching the merits of the motion, 3D Systems amended its complaint in the South Carolina Action and then voluntarily dismissed its case.  (*See* Def. Br. at 2.)

1

Plaintiff filed the Complaint in this District on November 8, 2013.  The Complaint alleges that Formlabs directly, actively induced, contributorily and willfully infringed 3D Systems' patents regarding a method of printing three-dimensional objects called stereolithography.

Defendant filed the instant motion to dismiss on December 23, 2013.  Briefing was submitted and oral arguments were held.  The matter was marked fully submitted on January 29, 2014.

## Facts Alleged In the Complaint

Because this is a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the following facts, which this Court assumes to be true, are drawn from the Complaint.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) ("[F]aced with a Rule 12(b)(6) motion to dismiss . . . courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true.").

The Complaint refers to several patents held by 3D Systems (the "patents-in-suit") for the creation and printing of

2

three-dimensional prototypes and commercial products from
digital designs ("3D printers").  3D Systems is a company that
has developed technology for the 3D printing process.  (Compl. ¶
6.)  3DS' 3D printers create physical three-dimensional objects
from a liquid medium involving the application of solid imaging
techniques, including stereolithographic techniques.  (*Id.* ¶ 7.)
Stereolithography is a 3D printing technique that produce three-
dimensional models or products by curing a photo-reactive resin
with a UV laser or other power source.[1]

     The patents-in-suit issued to 3D Systems are the
following:

| Patent No. | Title | Issue Date |
|:---:|:---|:---:|
| 5,554,336 | Method And Apparatus For Production Of Three-Dimensional Objects By Stereolithography | 9/10/1996 |
| 5,569,431 | Method And Apparatus For Production Of Three-Dimensional Objects By Stereolithography | 10/29/1996 |
| 5,609,812 | Method Of Making A Three-Dimensional Object By Stereolithography | 3/11/1997 |
| 5,609,813 | Method Of Making A Three-Dimensional Object By Stereolithography | 3/11/1997 |
| 5,762,856 | Method For Production Of Three-Dimensional Objects By Stereolithography | 6/9/1998 |

---

[1] *See* How Stereolithography (SLA) Works, https://thre3d.com/how-it-works/
light-photopolymerization/stereolithography-sla (last visited May 9, 2014).

| 5,779,967 | Method And Apparatus For Production Of Three-Dimensional Objects By Stereolithography | 7/14/1998 |
| 5,785,918 | Method And Apparatus For Production Of Three-Dimensional Objects By Stereolithography | 7/28/1998 |
| 5,814,265 | Method And Apparatus For Production Of Three-Dimensional Objects By Stereolithography | 9/28/1998 |

3D Systems is the owner of the entire right, title and interest in the patents-in-suit.  (*Id.* ¶ 8.)

Formlabs is in the business of manufacturing and selling systems for 3D printing, including printers that use stereolithographic techniques.  Formlabs produces a 3D printer that is marketed within the United States under the names "The Form 1 3D Printer," "Kickstarter Form 1," and "The Form 1 High Resolution Desktop 3D Printer" (the "Form 1 3D Printer").  (*Id.* ¶ 10.)

Kickstarter is a funding platform for creative projects.  (*Id.* ¶ 13.)  The company allows a creator to post a project idea online and allow backers to pledge money to bring projects to life.  The Complaint alleges that Kickstarter has been and continues to be a selling agent of Formlabs by offering for sale the Form 1 3D Printer on behalf of Formlabs.  (*Id.* ¶¶

13-14.)

On or about September 26, 2012, Formlabs launched a
sales campaign with Kickstarter with a goal of raising $100,000.
(Compl. ¶ 15.)   When this sales campaign ended on October 26,
2012, Formlabs had been pledged $2,945,885 by 2068 backers
through Kickstarter.   (*Id.*)   The majority of the funds for
Formlabs were raised by Formlabs' and Kickstarter's sales of
1028 Form 1 3D Printers to be delivered from February 2013 to
April 2013.   (*Id.* ¶ 16.)   Subsequent to the sales campaign,
Formlabs and Kickstarter have consummated the sales of the 3D
Printer.   (*Id.* ¶ 19.)

The Complaint alleges that Formlabs has (i) directly
infringed at least one claim of each of the patents-in-suit
under 35 U.S.C. § 271(a) by making, using, offering to sell and
selling the Form 1 3D Printer in the United States (*id.* ¶ 23);
(ii) actively induced the infringement of at least the method
claims of the patents-in-suit under 35 U.S.C. § 271(b) by
customers and other users of the Form 1 3D Printer through
videos and other instructional videos (*id.* ¶ 24); and (iii)
contributorily infringed the patents-in-suit (*id.* ¶ 25.)   The
Complaint also alleges that the infringement by Formlabs has
been willful.   (*Id.* ¶ 35.)

**Standard of Review**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *County of Suffolk, N.Y. v. First Am. Real Estate Solutions*, 261 F.3d 179, 187 (2d Cir. 2001) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808, 117 S. Ct. 50, 136 L. Ed. 2d 14 (1996)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This is not intended to be an onerous burden, as plaintiffs need only allege facts sufficient in order to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

*The Complaint Alleges Sufficient Facts*
*For A Showing Of Induced Infringement*

   *The Complaint Adequately Alleges That Defendant Had*
   *Knowledge of the Patents-In-Suit*

      Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  "[I]nduced infringement under § 271(b) requires knowledge," or willful blindness to the fact, "that the induced acts constitute patent infringement."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068, 2069-70, 179 L. Ed. 2d 1167 (2011).  To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they "actively and *knowingly* aid[ed] and abett[ed] another's direct infringement."  *Water Tech. Corp. v. Calco, Ltd.,* 850 F.2d 660, 668 (Fed. Cir. 1988).  To sufficiently plead inducement, "the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement."  *Microsoft Corp. v. DataTern, Inc.*, Nos. 2013-1184, 2013-1185, 2014 WL 1760882, at *3 (Fed. Cir. May 5, 2014) (citing *Global-Tech,* 131 S. Ct. at 2068; *see also DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (to plead inducement a plaintiff must show sufficient

facts that "the alleged infringer . . . possessed specific intent to encourage another's infringement"). "'[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven.'" *Id.* (quoting *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003)). Reading *Iqbal* together with *Global-Tech*, "the question before the Court on defendants' motion[ ] to dismiss is whether [the plaintiff] has plead[ed] sufficient facts ... for the Court to infer that the defendants had knowledge of [plaintiff's] patents and that their products infringed on those patents." *Trading Techs. Int'l. Inc. v. BCG Partners, Inc.*, No. 10c715, 2011 WL 3946581, at *3 (N.D. Ill. Sept. 2, 2011).

Alternatively, a plaintiff may show knowledge under the doctrine of willful blindness. *Global-Tech*, 131 S. Ct. at 2068, 179 L. Ed. 2d 1167. To show willful blindness, the pleader must show "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Id.*, at 2070, 179 L. Ed. 2d 1167.

The Complaint has pled sufficient facts to allege that Formlabs had knowledge that its acts would induce infringement

or had specific intent to encourage infringement.  The Complaint

makes several allegations which, taken together, support an

inference of knowledge or knowledge through willful blindness.

First, the Complaint alleges that 3DS and Formlabs were

competitors in the same market, stereolithographic 3D printers,

and that 3DS marked its products of the patents-in-suit to the

extent required by law.  (Compl. ¶ 9.)  Marking of a product has

been found in courts outside of this District to support an

inference that a defendant had knowledge of a patent.  *See*

*Weiland Sliding Doors and Windows, Inc. v. Panda Windows and*

*Doors, LLC*, No. 10CV677 JLS (MDD), 2012 WL 202664, at *4 (S.D.

Cal. Jan. 23, 2012) (finding inference of knowledge supported by

patentee's marking of its product); *Lutron Electronics Co., Inc.*

*v. Crestron Electronics, Inc.*, 970 F. Supp. 2d 1229, 1237-38 (D.

Utah 2013) (denying summary judgment where patentee marked its

patents and e-mails showed that defendant was aware of

plaintiff's product).  Buttressing this inference is the fact

that Formlabs and 3DS are competitors in the stereolithographic

3D printer market, which heightens the likelihood that Defendant

had knowledge of existing patents in the industry. *See Weiland*

*Sliding Doors*, 2012 WL 202664, at *4 (finding an inference of

knowledge where the complaint alleged that the parties were

competitors in the "high-end lift-slide door system market").

Several industry publications covering the Form 1 3D Printer

also made note of outstanding patents covering
stereolithographic 3D printing,[2] and one article specifically
noted that patents in the stereolithographic area are owned by
3D Systems.[3]  Notably, Formlabs' co-founder Maxim Lobovsky in an
interview cited "the expiration of a few patents" as a factor in
Formlabs' ability to bring down the cost of the Form 1 3D
Printer.[4]  Lobovsky is alleged to have referred to a number of
pioneering patents owned by 3D Systems that would have covered
the Form 1 3D printer if they had not expired (Compl. ¶ 33), and
his comments are alleged to have evidenced Formlabs' knowledge
of the existence of patents covering stereolithographic 3D
printing and to suggest that Formlabs undertook efforts to
uncover patents relating to stereolithography.  These
allegations, taken together, support an inference of knowledge
of the patents-in-suit.  *See Weiland*, 2012 WL 202664, at *4
(finding knowledge or willful blindness of patents where
plaintiff marked its products, letters regarding the patents

---

[2] *See FormLabs Day 2 646 backers, $924,858, 10 times target, 28 days to go*,
Sept. 28, 2012, http://3dprintingreviews.blogspot.com/2012_09_01_
archive.html; *Form 1 By Formlabs Launches On Kickstarter*, SOLID SMACK, Sept.
27, 2012, http://www.solidsmack.com/cad-design-news/form-1-by-formlabs-
launches-on-kickstarter/; Joe Young, *JP Morgan: Formlabs Release Could be
Negative for 3D Systems*, BENZINGA, Sept. 25, 2012, http://www.benzinga.com/
analyst-ratings/analyst-color/12/09/2939278/jp-morgan-formlabs-release-could-
be-negative-for-3d-syst#ixzz314T8c6Kz.
[3] *See FormLabs Brings Stereolithography to the Desktop*, Sept. 26, 2012,
http://3dprintingreviews.blogspot.com/2012_09_01_archive.html.
[4] Jordan Crook, *3D Printer Form 1 Gets 6X Its $100K Funding Goal On
Kickstarter… In One Day*, TECHCRUNCH, Sept. 27, 2012,
http://techcrunch.com/2012/09/27/3d-printer-form-1-gets-6x-its-100k-funding-
goal-on-kickstarter-in-one-day/.

were sent to the defendants and parties were competitors in the same market).  The Complaint has also sufficiently shown that Formlabs was at least wilfully blind to the patents-in-suit as Lobovsky knew that patents covering stereolithography existed, including an expiring patent, which suggests that Formlabs sought to find such patents.  If Defendant did not have actual knowledge of the patents-in-suit, only deliberate action could have allowed Formlabs from discovering that fact.

Formlabs also had knowledge of at least one of the patents-in-suit through the complaint filed in the South Carolina Action and of the patents-in-suit through the instant Complaint.  "[I]n this Circuit at least, prefiling knowledge of the patents is not essential to a claim of induced infringement."  *Smartwater, Ltd. v. Applied DNA Sciences, Inc.*, 2013 WL 5440599, at *8 (E.D.N.Y. Sept. 27, 2013) (quoting *Automated Transactions, L.L.C. v. First Niagara Fin. Grp., Inc.,* No. 10-CV-0407, 2010 WL 5819060, at *6 (W.D.N.Y. Aug. 31, 2010)); *see also Wing Shing Prods. (BVI), Ltd. v. Simatelex Manufactory Co., Ltd.,* 479 F. Supp. 2d 388, 408 (S.D.N.Y. 2007) (found that lawsuit provided notice); *SEB, S.A. v. Montgomery Ward & Co., Inc.,* 412 F. Supp. 2d 336, 344 (S.D.N.Y. 2006)).  While a court in another district has held that "[t]he requisite knowledge of the patent allegedly infringed simply cannot be

11

inferred from mere knowledge of *other* patents, even if somewhat
similar," *Vasudevan Software, Inc. v. TIBCO Software Inc.*, C 11-
06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012),
knowledge after the lawsuits' filings can still be shown based
on the single patent at issue in the South Carolina Action and
for the patents-in-suit in the instant action.  *See Smartwater*,
No. 12-CV-5731 (JS)(AKT), 2013 WL 5440599, at *8.

> *The Complaint Has Sufficiently Alleged Affirmative
> Acts To Induce Infringement*

The Complaint alleges that Formlabs "actively induced
the infringement of at least the method claims of the patents-
in-suit . . . by customers and other users of the Form 1 3D
Printer . . . through videos and other instructional materials"
and that "[s]uch infringement of the unexpired patents-in-suit
is ongoing." (Compl. ¶ 24.)  The Complaint cites to various
videos and web pages that show the Form 1 3D Printer being used
by third parties.  (*Id.* ¶ 11.)  That these instructions were
provided by Formlabs supports a plausible inference that it
induced customers to use the allegedly infringing devices.  *See
Automated Transactions*, 2010 WL 5819060, at *6 (finding that
inducement could be inferred based on an allegation that the
defendant provided its customers with "detailed explanations,

instructions, and information" as to how to use its product in a
manner that was infringing the asserted patents). The Complaint
has pled sufficient facts to allege that Formlabs took
affirmative acts to induce infringement.

Defendants cite to *In re Bill of Lading Transmission
and Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir.
2012), for the proposition that the Complaint must identify any
infringing features of the accused product or describe how the
allegations demonstrate specific intent by Formlabs to induce
infringement by others. (Def. Br. at 6.) In *Bill of Lading*,
the Federal Circuit reversed the dismissal of a claim for
induced infringement that enabled the court to draw a reasonable
inference that the defendant was liable for the misconduct
alleged. *Id.* at 1342. Notably, the court did not hold that
identification of infringing features in a complaint was
necessary to demonstrate specific intent for inducement.
Instead, the court noted that the facts required to make this
determination are "case specific," and that in "some
circumstances failure to allege facts that plausibly suggest a
specific element or elements of a claim have been practiced may
be fatal in the context of a motion to dismiss." *Id.* The case
does not stand for the proposition that every claim for induced
infringement must include a specific list of infringing features

13

of the accused product.

Defendant also contends the Complaint forces Formlabs to speculate as to how it must defend itself which is improper under Fed. R. Civ. P. Rule 8 and *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010). However, in *Realtime* the plaintiff only made vague allegations to "data compression products and/or services" when it asserted four patent violations. *Id.* at 543. Here, the Complaint specifically names the Form 1 3D Printer as the accused device and identifies customers and other users of the printers as being the direct infringers induced by Formlabs to infringe the patents-in-suit. Given such, and that the Complaint has pled knowledge and active inducement, the Complaint has pled sufficient facts to allege a section 271(b) claim.

*The Complaint Has Not Sufficiently Alleged*
*Contributory Infringement*

To establish contributory infringement under 35 U.S.C. § 271(c), the plaintiff must show: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the

14

invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326
(Fed. Cir. 2010); *see also i4i Ltd. Partnership v. Microsoft
Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010) ("A party is liable
for contributory infringement if that party sells, or offers to
sell, a material or apparatus for use in practicing a patented
process.  That material or apparatus must be a material part of
the invention, have no substantial noninfringing uses, and be
known (by the party) to be especially made or especially adapted
for use in an infringement of such patent." (internal quotation
marks omitted)).

          With regards to the first prong of contributory
infringement, the lower courts have differed in their
conclusions as to whether a complaint that complies with the
minimum requirements of Form 18 suffices to state a claim for
direct infringement.  *See Gradient Enters., Inc. v. Skype Techs.
S.A.,* 848 F. Supp. 2d 404, 407 (W.D.N.Y. 2012) ("Not
surprisingly, then, the combination of *Twombly*, *Iqbal*, ... Form
18, and Rule 84, has led to differing conclusions among the
lower courts about whether a complaint that complies with the
minimum requirements of Form 18 suffices to state a claim for
direct patent infringement.").  However, the Federal Circuit has
held that "whether [a complaint] adequately plead[s] direct
infringement is to be measured by the specificity required by

15

Form 18." *Bill of Lading,* 681 F.3d at 1334, *see also,*

*Smartwater,* 2013 WL 5440599, at *3 (same); *Loftex USA LLC v.*

*Trident Ltd.,* No. 11-CV-9349, 2012 WL 5877427, at *3 (S.D.N.Y.

Nov. 20, 2012) (stating that "Official Form 18 in the Appendix

of Forms to the Federal Rules of Civil Procedure ... governs the

pleading standards for a claim of direct patent infringement").

Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement
> that the plaintiff owns the patent; (3) a statement
> that defendant has been infringing the patent 'by
> making, selling, and using [the device] embodying the
> patent'; (4) a statement that the plaintiff has given
> the defendant notice of its infringement; and (5) a
> demand for an injunction and damages.

*McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1357 (Fed. Cir.

2007).


    Given the Federal Circuit's holding in *Bill of Lading*,

the Court will apply the Form 18 standard in examining direct

infringement.  The Form 18 requirements are lean, and the

Complaint has made sufficient allegations as to these factors.

(*See* Compl. ¶¶ 3, 4, 7, 25, 26.)  Thus, the Complaint has

sufficiently pled direct infringement.


    However, sufficiency under Form 18 should be used to

measure only the sufficiency of allegations of direct
infringement, and not indirect infringement. *Bill of Lading,*
681 F.3d at 1336.  Claims of indirect infringement requires the
application of *Iqbal/Twombly* plausibility standard.  *Smartwater*,
2013 WL 5440599, at *4.  The Complaint only makes a barebones
recitation that the Form 1 3D Printer was "especially made or
especially adapted" for an infringing use and that it has "no
substantial noninfringing uses".  (*See* Compl. ¶ 25.)  This is a
mere "formulaic recitation of the elements of cause of action"
that cannot survive a motion to dismiss.  *Twombly*, 550 U.S. at
555; *Smartwater*, 2013 WL 5440599, at *11 ("Plaintiff merely
identifies its patents and Defendant's 'Marking products,' and
then repeats the elements of a contributory infringement claim.
This is insufficient.").  The Complaint does allege that the
Form 1 3D Printer is intended to be used as a 3D printer (Compl.
¶ 10), but no facts or allegations are pled that plausibly
support an inference that there are no substantial noninfringing
uses of the Form 1 3D Printer especially since the Complaint
does not provide any allegations as to how the Form 1 3D Printer
infringes the patents-in-suit.  The Complaint, for instance,
does not allege that all stereolithographic methods of 3D
printing constitutes infringement of the patents-in-suit, nor
can they given that at least one of the patents involving
stereolithography has expired.  Thus the Complaint's mere

17

conclusory allegations on indirect infringement cannot survive a
motion to dismiss.

*The Complaint Has Plead Sufficient Facts*
*For A Willful Infringement Claim*

A claim for willful infringement requires a showing
that the defendant was aware of the asserted patent but acted
despite an objectively high likelihood that its actions
constituted infringement of a valid patent. *i4i Ltd. P'ship v.*
*Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010); *see also*,
*In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed.Cir. 2007)
(en banc).  The state of mind of the accused infringer is not
relevant to this objective inquiry. *In re Seagate Technology,*
*LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  If this prong is
met, the plaintiff must also show that the alleged infringer
knew or should have known of this objectively high risk. *i4i*
*Ltd. P'ship*, 598 F.3d at 860.  Willful infringement "requires at
least a showing of objective recklessness." *Advanced Fiber*
*Technologies (AFT) Trust v. J & L Fiber Services, Inc.*, 674 F.3d
1365, 1377 (Fed. Cir. 2012).  "'Actual knowledge of infringement
or the infringement risk is not necessary to plead a claim for
willful infringement,' but the complaint must adequately allege
'factual circumstances in which the patents-in-suit [are] called

18

to the attention' of the defendants." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) (quoting *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.,* C.A. No. 10-425-LPS, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012)).  To show such "factual circumstances," a complaint must "demonstrate[ ] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known."  *Id.* (internal quotation marks removed).

As previously noted, the Complaint has alleged sufficient factual circumstances that allow a plausible inference that Formlabs had knowledge of the patents-in-suit and that it had the specific intent to infringe these patents. Plaintiffs have alleged that Formlabs knew of expiring 3DS patents, that the parties are competitors and that the industry publications made note of potential patent issues involved with the Form 1 3D Printer, all of which allows a plausible inference that the company knew of the patents-in-suit or that they were called to its attention.  Formlabs further went on to produce

19

the Form 1 3D Printer, evidencing specific intent to infringe the patents-in-suit.  Given such, the Complaint has pled sufficient facts to allege a willful infringement claim against Formlabs.

**Conclusion**

Based on the conclusions set forth above, Defendant's motion to dismiss is (1) granted with respect to Plaintiff's contributory infringement claim without prejudice and (2) denied with respect to Plaintiff's willful infringement and induced infringement claims. Plaintiff is granted leave to replead the Complaint within twenty days.

It is so ordered.

**New York, NY**
**May  9 , 2014**

ROBERT W. SWEET

20